### DELIGHT GARDNER v. WILLIAM DANIEL.

In an action of debt *qui tam* under the statute against usury to recover the
forfeiture and penalty imposed by it, at the suit of the surety, the princi-
pal in the bond given to secure the payment of the money borrowed, is a
competent witness to prove the usury.

The offence is consummated, the forfeiture is incurred and the cause of
action accrues under the statute, not when the loan is contracted and the
money is advanced by the lender, but when the debt is paid by the bor-
rower. And the forfeiture ought not to exceed the actual amount lent,
without interest thereon.

THIS was an action of debt *qui tam* under the statute
against usury by Delight Gardner against William Daniel,
to recover the penalty, or forfeiture of money lent by the
defendant to John B. Deakyne upon a usurious contract
and at an illegal rate of interest. Two loans were originally
contracted by the latter of the defendant in 1853, for
which a bonus was paid, and on which interest was re-
served at the rate of twenty per cent. per annum on the
amount actually advanced, and for which Deakyne after-
ward gave his judgment bonds, one on the 26th of Jan-
uary, 1854, and the other on the 12th of July following,
to the defendant, with the plaintiff, Gardner, as his surety
in them. Judgments were entered upon the bonds and
were subsequently paid by Gardner, on the 12th of Sep-
tember, 1859, and this suit was commenced by him on
the 17th of November ensuing. The pleas were *Nil debet*
and the statute of limitations.

John B. Deakyne, the obligor in the bonds, was called
as a witness for the plaintiff to prove the usury and was
objected to on the other side as incompetent, because it
was against public policy and the established rules of legal
evidence, to permit a party to contradict, or vary his own
deed. *But the Court* overruled the objection and allowed
him to be sworn, considering the point as settled on the
authority of *Banner v. Gregg*, 1 *Harr.* 523. The witness
was then sworn upon his *voir dire* and testifying that he

had no interest in the event of this suit and was neither to gain, or lose by the result of it, he was sworn and examined in the case and proved the usurious character of the loans.

*Booth*, for the plaintiff: Upon the evidence adduced there could be but one defence raised to the right of the plaintiff to recover in the action, and that was under the plea of the statute of limitations. The loans it was true, were originally contracted in 1853, and the judgment bonds which were afterward given for them, were executed in 1854; but they were not paid until the 12th of September, 1859, and this suit was brought on the 17th of November following, or in about two months thereafter. Under our statute of limitations, no civil action for a forfeiture upon a penal statute, could be brought and maintained after the expiration of one year from the accruing of the cause of such action ; and under that plea, it might be contended on the other side that the cause of action accrued when the loans were made, and not when the judgments which were afterward confessed on the bonds given for the money were paid, and that therefore the suit was barred. He should, however, anticipate this defence, only so far as to show by the citation of a few authorities that such was not the law of the case, and that the cause of action did not accrue until the judgments were paid, and therefore the suit was not barred and the plea was no defence to the action. *Chit. on Contr.* 608. 7 *T. R.* 184. 3 *Eng. C. L. R.* 332. 11 *Eng. C. L. R.* 434. 1 *Eng. C. L. R.* 263. 2 *Barn. and Adol.* 589. 13 *Peters* 345.

*Spruance*, for the defendant: The statute of Anne in England, commonly called there the statute of usury, was substantially the same as our own statute on this subject; but the court would observe that there is no time limited in the statute itself, within which the action shall be brought for the forfeiture or penalty accruing under it in this State. It must, however, be brought within the time limited by our statute of limitations for a civil action for

a forfeiture upon a penal statute, which was in one year from the accruing of the cause of such action. *Rev. Code* 441. *Com. on Usury*, 5 *Law Libr.* 222. But the counsel on the other side had contended that the cause of action for such forfeiture, or penalty does not accrue until the usurious loan, or debt has been paid and extinguished, and had cited several authorities in support of it, but none of which sustained the position, for no case could be found either in this country, or in England, in which it had been ruled that the action would not lie until the whole debt had been paid. In *Wade v. Wilson*, 1 *East* 195, the ruling was otherwise, and in 1 *Doug.* 235, the reasoning of the court sustained that ruling. *Scurry v. Freeman*, 2 *B. & P.* 381, also sustained that decision. With reference to the plea of the statute of limitations, the question was, when was the offence consummated? That is to say, when was the forfeiture, or penalty incurred, and when did the cause of action for it accrue in this case? The offence was complete and consummate the moment the usurious contract for the loan was made and the money was delivered under it by the defendant to Deakyne, the borrower, and as the bonus was then reserved and paid out of it, and for it, the penalty or forfeiture was then incurred, and the cause of action then accrued and the action for it was barred in one year thereafter. Suppose Deakyne and the surety had both utterly failed and never repaid any portion of the money borrowed, or had resisted and avoided the judgment of it on the ground of the usury and illegality of the loans for which the bonds were given, would the offence of the defendant have been the less, or the less complete either in point of fact or in point of legal turpitude and character? He therefore contended that the cause of action accrued in the case when the loans were contracted, and that the suit was consequently barred by the act of limitations, and should ask the court to so instruct the jury.

*Booth*, replied.

*The Court, Gilpin, Ch. J.*, charged the jury : The provision of the statute in this state against what is commonly termed usury, is in these words : " The legal rate of interest is six per centum per annum ; and if any person shall directly or indirectly, take for the loan, or use of money, more than six dollars for the loan, or use of one hundred dollars, for one year, and in that proportion, he shall forfeit and pay, to any one who will sue for the same, a sum equal to the money lent ; one half for the use of the person so suing, and the other half for the use of the State." Any violation of this provision subjects the party offending to the forfeiture of a sum equal to the money lent. The only defence set up in this case is that the action is barred by the statute of limitations, because it was not commenced as the defendant's counsel has contended, within one year after the accruing of the cause of action, or the consummation of the offence, on the completion of which, the forfeiture and penalty occurred. On this point and upon the question which had been presented in the argument of counsel for consideration and decision, it is the opinion of the court that the cause of action accrued in this case when the debts, or loans were paid, whenever that may have been, and which it was for the jury to determine from the evidence before them ; and if the suit was commenced not more than one year after the debts were paid, the action was not barred, and the plea of the statute of limitations was not a good and valid defence against it, and the verdict in that event should be for the plaintiff. According to the evidence the judgments which were entered by confession on the bonds given to secure the repayment of the loans, were not paid until the 12th of September, 1859, and this action was commenced on the 17th of November in the same year, and if such were the facts in the case, it of course, was not barred. The jury, however, must be satisfied from the evidence in the case that a loan of money was made by the defendant to Deakyne, for which he had taken and received for the use of it, more than at the

rate of six per centum per annum, or they could not be justified in finding in favor of the plaintiff; and if satisfied from the proof produced, that such was the case, the amount of their verdict in favor of the plaintiff, ought not to exceed the actual amount of money lent by the defendant to Deakyne, without interest thereon.